**FILED**
**U.S. District Court**
**District of Kansas**
10/20/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BOBBY R. CLARK,**

**Plaintiff,**

**v.** **CASE NO. 26-3363-JWL**

**(FNU) (LNU), 915 Tenny,**
**Kansas City, Kansas,**

**Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Bobby R. Clark is hereby required to show good cause, in writing to the undersigned, why this matter should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. 2). The Court entered a notice of deficiency (Doc. 3) ordering Plaintiff to resubmit his motion on the Court-approved form and to include the financial information required by 28 U.S.C. § 1915(a)(2). The deadline to comply is October 29, 2026. Plaintiff has filed a motion seeking an extension of time to comply with the NOD. The Court provisionally grants Plaintiff leave to proceed in forma pauperis and grants his motion for an extension of time to comply with the NOD. The deadline for Plaintiff to comply with the NOD is extended to November 13, 2026.

Plaintiff claims that on September 22, 2024, he was walking down Tenny Street when two bulldogs came from 915 Tenny Street. (Doc. 1, at 2.) Plaintiff claims that one dog locked onto Plaintiff's left leg, and Plaintiff had to fight with the other dog for about five minutes. *Id.* Plaintiff claims that a man across the street had to get into his car and start backing his car over the dog and Plaintiff's leg to attempt to get the dog off Plaintiff. *Id.* Plaintiff alleges that the owner of the dog then came out of the house and told Plaintiff she saw what happened. *Id.* at 3. Plaintiff did not have a phone, so he asked the owner if he could use her phone. *Id.* Plaintiff claims that the owner did not allow Plaintiff to use her phone, but another neighbor called 911. *Id.* Plaintiff claims that the neighbor that called 911 only spoke Spanish, so Plaintiff was unsure if he understood the situation. Plaintiff walked to a business and they called 911. *Id.* Plaintiff went to KU Medical Center for medical care. *Id.*

Plaintiff claims that he is bringing this § 1983 action against the owner of 915 Tenny Street so that the owner can identify the people owning the dogs. *Id.* Plaintiff claims that the owner of the dogs was negligent. *Id.* at 4. Plaintiff seeks $107,000 in compensatory damages, and to have "the dogs put to death." *Id.* at 6.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

Plaintiff has failed to allege a violation of federal law or the Constitution, and has failed to name a state actor as a defendant. A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citations omitted). Plaintiff has named the owner of 915 Tenny Street as the sole defendant. Nothing in Plaintiff's Complaint suggests that the owner of the property is a state actor. Therefore, any claim under § 1983 is subject to dismissal.

Plaintiff has also failed to allege the violation of a right secured by the Constitution and laws of the United States. Plaintiff alleges negligence. Negligence is a state law claim and does not supply grounds for a constitutional cause of action. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). It is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff has failed to allege a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).

Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim. The failure to respond by the deadline will result in the dismissal of this matter without additional prior notice.

**IT IS THEREFORE ORDERED** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time (Doc. 5) is **granted.** The deadline for Plaintiff to comply with the NOD at Doc. 3 is extended to **November 13, 2026.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 20, 2026,** in which to show good cause, in writing to the undersigned, why this case should not be dismissed for the reasons set forth in this Memorandum and Order. The failure to respond by the deadline will result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED**.

**Dated October 20, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**